**WO** MDR

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

Edward F. Parks, ) No. CV 12-1350-PHX-GMS (DKD)
)
      Plaintiff, ) **ORDER**
)
vs. )
)
)
Charles Ryan, et al., )
)
)
      Defendants. )
)

On June 22, 2012, Plaintiff Edward F. Parks, who is confined in the Arizona State Prison Complex-Yuma in San Luis, Arizona, filed a *pro se* civil rights Complaint and an Application to Proceed *In Forma Pauperis*. In a July 9, 2012 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing fee or file a complete Application to Proceed *In Forma Pauperis*.

On July 30, 2012, Plaintiff filed a "Notice of Complain" regarding the processing of his request for a copy of his certified six-month trust account statement. On August 6, 2012, he filed a "Motion to Pre[s]ent Account 6 mo Print-Out" (Doc. 6), which contains a certified statement of account. On August 13, 2012, Plaintiff filed a "Motion to Show Medical Violations" (Doc. 7). On August 20, 2012, he filed a second Application to Proceed *In Forma Pauperis* (Doc. 8).

To the extent Plaintiff is seeking in his "Motion to Pre[s]ent 6 mo Print-Out" to have the Court accept his certified six-month account statement, the Court will grant his Motion. The Court will deny the second Application to Proceed and will dismiss this action pursuant to 28 U.S.C. § 1915(g). Because the Court is dismissing the action, the Court will deny as moot the "Motion to Show Medical Violations."

**I.    "Three Strikes Provision" of 28 U.S.C. § 1915(g).**

A prisoner may not bring a civil action or appeal a civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's *IFP* status only when, after careful evaluation of the order dismissing an action, and other relevant information, the district court determines that the action was dismissed because it was frivolous, malicious or failed to state a claim." Andrews v. King, 398 F.3d 1113, 1121 (9th Cir. 2005). "In some instances, the district court docket records may be sufficient to show that a prior dismissal satisfies at least one of the criteria under § 1915(g) and therefore counts as a strike." Id. at 1120.

At least three of Plaintiff's prior actions were dismissed for failure to state a claim. See Parks v. Jensen, CV-07-8107-PCT-FJM (DKD) (D. Ariz. Sept. 2, 2008 Order of dismissal); Parks v. Holy, CV-09-406-HE (W.D. Okla. Oct. 14, 2009 Order of dismissal); and Parks v. Cornell Corrections of Oklahoma, CV-09-450-HE (W.D. Okla. Sept. 1, 2009 Order of dismissal). See also Parks v. McCluskey, 10-CV-8055-PCT-GMS (DKD) (May 24, 2012 Order listing Plaintiff's strikes and dismissing case pursuant to § 1915(g)). Therefore, Plaintiff may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

. . . .

- 2 -

## II.     Imminent Danger

A plaintiff who has three or more strikes may not bring a civil action without complete prepayment of the $350.00 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). To meet the "imminent danger" requirement, the "threat or prison condition [must be] real and proximate," Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)), and the allegations must be "specific or credible." Kinnell v. Graves, 265 F.3d 1125, 1128 (10th Cir. 2001).

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time" Andrews v. Cervantes, 493 F.3d 1047, 1053 (9th Cir. 2007). "[T]he exception applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." Id. at 1055. Claims concerning an "imminent danger of serious physical injury" cannot be triggered solely by complaints of past abuse. See Ashley v. Dilworth, 147 F.3d 715, 717 (8th Cir. 1998); Luedtke v. Bertrand, 32 F. Supp. 2d 1074, 1077 (E.D. Wis. 1999).

Plaintiff does not allege that he is in imminent danger of serious physical injury and his allegations no not support such an allegation—his claims relate to past exposures to pepper spray. Thus, the Court will deny the second Application to Proceed and will dismiss without prejudice Plaintiff's Complaint and this action, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must *prepay* the **entire** $350.00 filing fee when he files his action.

**IT IS ORDERED:**

(1)     Plaintiff's "Motion to Pre[s]ent Account 6 mo Print-Out" (Doc. 6) is **granted**.

(2)     Plaintiff's second Application to Proceed *In Forma Pauperis* (Doc. 8) is **denied**.

(3)     Plaintiff's Complaint (Doc. 1) and this action are **dismissed without prejudice**, pursuant to 28 U.S.C. § 1915(g). If Plaintiff wishes to reassert these claims in the future, he must prepay the entire $350.00 filing fee when he files his action.

(4) Plaintiff's "Motion to Show Medical Violations" (Doc. 7) is **denied as moot**.

(5) The Clerk of Court must enter judgment accordingly and close this case.

DATED this 4th day of September, 2012.

*A. Murray Snow*
G. Murray Snow
United States District Judge

- 4 -